This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: December 2, 2024**

**No. S-1-SC-40050**

**BOARD OF EDUCATION OF THE ZUNI PUBLIC SCHOOL DISTRICT and BOARD OF EDUCATION OF THE GALLUP-MCKINLEY SCHOOL DISTRICT,**

Plaintiffs-Appellees,

and

**SKYLAR MARTINEZ, by and through his next friends and parents, MALCOLM BOWEKATY and BURLENE BOWEKATY, JEFFREY M. JOHNSON, by and through his next friends and parents, MADRELL JOHNSON and WILBUR JOHNSON, ERIQ HASKIE SANCHEZ, by and through his next friend and parent, MARISA SANCHEZ, AMBER DEYSEE, by and through her next friends and parents, CAROLINE DEYSEE and DEWEY DEYSEE, CHARLES BOOQUA, JR., by and through his friends and parents, MARLENE BOOQUA and CHARLES BOOQUA, SR., JIRAIYA WOODY and TATUM PETERSON, by and through their next friend and parent, MARTINA PETERSON, and FARRAH BARNEY and ISABELLA BARNEY, by and through their next friend and parent, TAMMY BARNEY,**

Plaintiffs,

and

**ZUNI PUBLIC SCHOOL DISTRICT and GALLUP-MCKINLEY SCHOOL DISTRICT NO. 1,**

Plaintiffs Dismissed by Substitution,

v.

**STATE OF NEW MEXICO and PUBLIC
SCHOOL CAPITAL OUTLAY COUNCIL,**

Defendants-Appellants.

**CERTIFICATION FROM THE NEW MEXICO COURT OF APPEALS
Louis E. DePauli, Jr., District Judge**

Raúl Torrez, Attorney General
Aletheia V.P. Allen, Solicitor General
Ellen Venegas, Assistant Solicitor General
Santa Fe, NM

for Appellants

Ferrance Law, P.C.
David A. Ferrance
Albuquerque, NM

Rosebrough, Fowles & Foutz, P.C.
Robert F. Rosebrough
Gallup, NM

VanAmberg, Rogers, Yepa, Abeita, Gomez & Wilkinson, LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellees

Chappelle Law, LLC
Germaine Chappelle
Farmington, NM

for Amicus Curiae Central Consolidated School District

**DISPOSITIONAL ORDER OF REMAND**

**PER CURIAM.**

**{1}**     WHEREAS, the history of this case is long and complex, originating in 1998, when the Zuni Public School District sued the State, claiming that the existing capital outlay system violated Article XII, Section 1 of the New Mexico Constitution, which

guarantees "[a] uniform system of free public schools sufficient for the education of . . . all the children of school age in the state";

**{2}**    WHEREAS, initial district court proceedings resulted in an order granting summary judgment against the State, which led to numerous legislative reforms in 2002 and 2003;

**{3}**    WHEREAS, the district court's decision and order (Order)—the final judgment at issue in this appeal—was filed in 2020 after the lawsuit was reinstated in 2013 to consider Zuni and Gallup-McKinley School Boards' (School Boards) claims that the legislative reforms were inadequate;

**{4}**    WHEREAS, the Order declared that the State's then-existing statutory capital outlay scheme for funding public school facilities was unconstitutional;

**{5}**    WHEREAS, the State appealed to the Court of Appeals, and this Court subsequently accepted certification;

**{6}**    WHEREAS, after the district court entered its Order, the legislature substantially amended the capital outlay scheme that funds public school facilities;

**{7}**    WHEREAS, the State contends in relevant part that the Legislature's post-trial statutory amendments render the case moot;

**{8}**    WHEREAS, "[a] case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citation omitted). The general rule is that "a court will not consider the constitutionality of a statute, rule, or state constitutional provision that has been repealed, amended, or superseded, or has expired," 16 C.J.S. *Constitutional Law* § 222 (2015);

**{9}**    WHEREAS, this case is moot because the version of the statutory scheme declared to be unconstitutional no longer exists and, in light of subsequent and significant statutory amendments, there is no existing controversy as to the constitutionality of the current statutory scheme;

**{10}**    WHEREAS, we have carefully considered and reject the School Boards' arguments that this case is not moot;

**{11}**    WHEREAS, we have also considered and decline to accept the School Boards' request to recognize an exception to the mootness doctrine under the procedural circumstances of this case;

**{12}**    WHEREAS, the Court has considered the briefs and is otherwise fully informed on the issues and applicable law; and

**{13}**    WHEREAS, the Court exercises its discretion under Rule 12-405(B) NMRA to dispose of this case by non-precedential order rather than by formal opinion;

**{14}** NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the district court for further proceedings with instructions to consider the constitutionality of the current statutory scheme, should the School Boards decide to pursue such litigation;

**{15}** IT IS FURTHER ORDERED that on remand, Chief Judge Jarod K. Hofacket is designated to serve as pro tempore judge by the Chief Justice to preside over the proceedings in the district court; and

**{16}** IT IS FURTHER ORDERED that our holding shall not be construed as a limitation upon the district court's authority to receive or consider new evidence it deems necessary to the resolution of the underlying case.

**{17}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**